IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVEN R. BRANT,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *  CIVIL ACTION NO. 16-000222-B
                                    *
NANCY BERRYHILL,[1]                 *
Acting Commissioner of Social       *
Security,                           *
                                    *
        Defendant.                  *

## ORDER

Plaintiff Steven R. Brant (hereinafter "Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*  On May 2, 2017, the parties consented to have the undersigned conduct any and all proceedings in this case.  (Doc. 14).  Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Upon careful consideration

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED**.

## I.   Procedural History

Plaintiff protectively filed his application for benefits on April 14, 2015, alleging disability beginning February 23, 2015, based on "PTSD, TBI, memory loss/short term, [and] severe headaches." (Tr. 135, 153, 157). Plaintiff's application was denied and upon timely request, he was granted an administrative hearing before Administrative Law Judge Vickie Evans on January 7, 2016. (Tr. at 37). Plaintiff attended the hearing with his counsel and provided testimony related to his claims. (Id.). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Tr. 59). On February 3, 2016, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Tr. 32). The Appeals Council denied Plaintiff's request for review on April 15, 2016. (Tr. 1). Therefore, the ALJ's decision dated February 3, 2016, became the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). Oral argument was conducted on May 31, 2017 (Doc. 17), and the parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and

1383(c)(3).

## II.  Issues on Appeal

1. Whether the ALJ erred in failing to assign significant weight to the opinions of evaluating psychologist, Dr. Joseph G. Law, examining psychologist, Dr. Jennifer Jackson, Psy.D., and therapist, Ms. Elizabeth Wharton, MS, LMPT, while assigning great weight to the opinions of consultative psychologist, Dr. Thomas Bennett, Ph.D., and State Agency psychologist, Dr. Donald Hinton, Ph.D.?

2. Whether substantial evidence supports the RFC for a range of work at all exertional levels with the stated non-exertional limitations?

## III. Factual Background

Plaintiff was born on October 7, 1982, and was thirty-three years of age at the time of his administrative hearing on January 7, 2016. (Tr. 37, 45). Plaintiff graduated from high school and completed an associates degree in college in applied science. (Tr. 45).

Plaintiff was a Sergeant in the military (Army National Guard) from 2001 to 2004 serving in the military police. (Tr. 45-46). He received an honorable discharge and currently receives VA disability benefits with a rating of 70% for post traumatic stress disorder. (Tr. 47, 372).

Plaintiff worked as a physical therapist assistant from 2009 to February 2015. (Tr. 49, 164). He stopped working when he received his increased VA disability rating. (Tr. 51-52).

At the administrative hearing, Plaintiff testified that he cannot work due to memory problems, anxiety problems, problems maintaining a schedule, anger, and flashbacks. (Tr. 55-56, 58). He receives therapy at the VA. (Tr. 56). His only medication is Ambien to help him sleep at night. (Tr. 57, 59).

## IV. **Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[2] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to

---

[2] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

**V.    Statutory And Regulatory Framework**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.

The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe

impairment or combination of impairments.[3]  If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  Id.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history.  Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).  If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability

---

[3] In this case, the ALJ found that Plaintiff has the following severe impairments: post traumatic stress disorder (PTSD), alcohol use disorder, and depressive disorder.  (Tr. 22).

to perform those jobs in order to be found disabled.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

## VI.  Discussion

### A. Substantial evidence supports the ALJ's assignment of weight to the expert medical evidence in this case.

Plaintiff argues that the ALJ erred in failing to assign appropriate weight to the opinions of evaluating psychologist, Dr. Joseph G. Law, examining psychologist, Dr. Jennifer Jackson, Psy.D., and therapist, Ms. Elizabeth Wharton, MS, LMPT, while assigning great weight to the opinions of consultative psychologist, Dr. Thomas Bennett, Ph.D., and State Agency psychologist, Dr. Donald Hinton, Ph.D.  (Doc. 9 at 4-11). Defendant counters that the substantial evidence supports the ALJ's assignment of weight to the expert opinions in this case. (Doc. 10 at 3-8).  Having reviewed the record at length, the Court finds that Plaintiff's claim is without merit.

As part of the disability determination process, the ALJ is tasked with weighing the opinions and findings of treating, examining, and non-examining physicians.  In reaching a decision, the ALJ must specify the weight given to different medical opinions and the reasons for doing so.  See Winschel v. Commissioner of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

The failure to do so is reversible error. See Williams v. Astrue, 2009 U.S. Dist. LEXIS 12010, *4, 2009 WL 413541, *1 (M.D. Fla. 2009).

When weighing the opinion of a treating physician, the ALJ must give the opinions "substantial weight," unless good cause exists for not doing so. Costigan v. Commissioner, Soc. Sec. Admin., 2015 U.S. App. LEXIS 2827, *10, 2015 WL 795089, *4 (11th Cir. Feb. 26, 2015) (citing Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) and Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985)). The opinion of "a one-time examining physician — or psychologist," on the other hand, is not entitled to the same deference as a treating physician. Petty v. Astrue, 2010 U.S. Dist. LEXIS 24516, *50, 2010 WL 989605, *14 (N.D. Fla. Feb. 18, 2010) (citing Crawford, 363 F.3d at 1160). An ALJ is also "required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.'" Milner v. Barnhart, 275 Fed. Appx. 947, 948 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1527(f)(2)(i)). "The ALJ may rely on opinions of non-examining sources when they do not conflict with those of examining sources." Id. (citing Edwards v. Sullivan, 937 F.2d 580, 584-85 (11th Cir. 1991)).

Whether considering the opinions of treating, examining, or non-examining physicians, good cause exists to discredit the testimony of *any* medical source when it is contrary to or unsupported by the evidence of record. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence." Hogan v. Astrue, 2012 U.S. Dist. LEXIS 108512, *8, 2012 WL 3155570, *3 (M.D. Ala. 2012). The ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion." Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (citation omitted); Adamo v. Commissioner of Soc. Sec., 365 Fed. Appx. 209, 212 (11th Cir. 2010) (The ALJ may reject any medical opinion if the evidence supports a contrary finding.).

First, with respect to Plaintiff's argument that the ALJ erred in assigning little weight to the opinions of evaluating psychologist, Dr. Joseph Law, regarding Plaintiff's functional limitations, the record shows that Dr. Law evaluated Plaintiff as part of Plaintiff's VA disability proceedings, seeing him on five occasions from January to May 2014. (Tr. 252). On July 26, 2014, Dr. Law completed a report based on his evaluations. He opined that Plaintiff has "significant cognitive deficits" due to traumatic brain injury (TBI) residuals from a concussive

injury sustained in military combat in Iraq, that Plaintiff has markedly impaired social and occupational functioning, difficulty understanding complex commands, impaired judgment, marked disturbances in mood and motivation, significant deficits in being able to adapt to stressful circumstances such as work and social relationships, and marked impairment in his ability to stay on task and to adapt to work settings as a result of his TBI residuals. (Tr. 252, 259-60). Dr. Law diagnosed Plaintiff with chronic PTSD, mild neurocognitive disorder due to TBI, mild alcohol use disorder, and unspecified depressive disorder. (Tr. 259).

The record shows that the ALJ considered these opinions at length and determined that Dr. Law's assessment of Plaintiff's functional limitations was entitled to little weight because his opinions were not consistent with Plaintiff's treatment records nor with Plaintiff's activities of daily living. (Tr. 26-27). The Court agrees.

As stated, Dr. Law opined that Plaintiff has *marked* impairments as a result of his *significant* cognitive deficits from TBI. Yet, Plaintiff's VA treatment records reflect no diagnosis of TBI, no residual problems from TBI, and no limitations from TBI.[4] (Tr. 259, 282-83, 314, 387). Moreover,

_____

[4] Plaintiff's VA treatment records provide, "C&P TBI exam indicated 'Veteran does not meet diagnostic criteria for

10

Dr. Law himself diagnosed Plaintiff with only "mild" neurocognitive disorder due to TBI. (Tr. 259). The record also shows that while Plaintiff received mental health treatment for anxiety, depression, and PTSD at the VA, he dropped out of treatment at the VA in January 2013, returned in September 2013, and then did not return again until April 15, 2014. (Tr. 388-89). Plaintiff's most recent VA treatment records in July 2015, further reflect that his main concern was poor sleep, that his only prescribed medication was Ambien, and that "no other needs or concerns [were] expressed at [that] time." (Tr. 381-83). In addition, a mental status examination conducted by VA psychiatrist, Dr. Douglas Ewing, on July 1, 2015, showed that Plaintiff was alert, oriented to person, place, and time, that his speech was normal, and that his thoughts were logical, goal oriented, and centered on insomnia. (Tr. 383). Likewise, Dr. Law's mental status examination conducted on July 26, 2015, reflected that Plaintiff was oriented to time, place, and person, that his speech was coherent and understandable, that he could write sentences and follow commands, that his long term memory was intact, and that he could remember and follow *simple*

---

Traumatic Brain Injury.'" (Tr. 283). "The veteran does not meet diagnostic criteria for Traumatic Brain Injury as defined by DOD/VA guidelines, nor by any current medical protocol." (Tr. 314).

instructions.[5]  (Tr. 252-53).  Further, at Plaintiff's July 1, 2015 appointment with Dr. Ewing, Plaintiff denied side effects from his medication and reported that he was able to go to the gym and go shopping, although he chose not to do so when it was crowded.  (Tr. 383).  The record reflects other evidence of Plaintiff's wide-ranging activities of daily living, including driving, caring for himself and his young son, taking his son to preschool, going to the gym, caring for his dog, preparing simple meals, doing yard work, doing chores, maintaining relationships with family and friends, shopping, paying bills, handling bank accounts, and playing golf.  (Tr. 187-90).

Plaintiff's wife confirmed that Plaintiff helps prepare meals, takes care of their son and the dog, does household chores and yard work, does his personal care without assistance, drives, shops, handles the finances, plays golf, does not need reminders or someone to accompany him to go places, and follows basic instructions, although he has problems with intricate instructions, gets frustrated easily, has trouble sleeping, and does not handle stress well.  (Tr. 199-205).

As the ALJ found, the alleged severity of Plaintiff's limitations, as opined by Dr. Law, is inconsistent with the substantial medical evidence, as well as with the evidence of

---

[5] As discussed herein, the RFC restricts Plaintiff's work to "simple, repetitive" instructions.  (Tr. 24).

Plaintiff's activities of daily living. For these reasons, the ALJ had good cause to discredit Dr. Law's opinions.

Likewise, Plaintiff's arguments related to Dr. Jackson and Ms. Wharton fail. With respect to the opinion of one-time examining VA psychologist, Dr. Jennifer Jackson, Psy.D., Plaintiff is correct that the ALJ failed to even mention Dr. Jackson's opinions. The record shows that Dr. Jackson examined Plaintiff on August 13, 2014, and, based largely on Plaintiff's reports of symptoms, opined that he had occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood, that he met all of the diagnostic criteria for PTSD, that he had depressed mood, anxiety, suspiciousness, panic attacks, chronic sleep impairment, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, difficulty in adapting to stressful circumstances, including work or a work-like setting, and suicidal ideation, that he had a significantly reduced tolerance for frustration, and that he had sleep disturbances, hypervigilance, difficulty regulating mood, angry outbursts, difficulty working under deadlines and pressure, difficulty interacting with others, and difficulty with focus, attention, and concentration. (Tr. 282-89). Because these opinions appear to be based, in large part, on Plaintiff's subjective report of

symptoms and, more importantly, because the severity of these opinions is inconsistent with the substantial medical evidence and activities of daily living detailed above, the Court finds that any error by the ALJ in failing to discuss Dr. Jackson's opinions was harmless. See Battle v. Astrue, 243 Fed. Appx. 514, 522 (11th Cir. 2007) (unpublished) (errors are harmless if they do not prejudice the claimant); see also Ware v. Schweiker, 651 F. 2d 408, 412 (5th Cir. 1981) (remand would be a "wasteful corrective exercise" when "no further findings could be made that would alter the ALJ's determination" given the record as a whole).

With respect to Ms. Wharton, Plaintiff's VA therapist, Plaintiff argues that the ALJ erred in assigning little weight to her opinion that Plaintiff's PTSD symptoms cause severe restrictions in social and emotional functioning. (Tr. 380). Plaintiff argues that, while Ms. Wharton is not an "acceptable medical source," her opinion can be used to determine the severity of his impairments and how they affect his ability to function.

Plaintiff is correct that licensed therapists are not "acceptable medical sources" under the Social Security administrative regulations. Guy v. Colvin, 2016 U.S. Dist. LEXIS 131893, *11, 2016 WL 5390639, *4 (N.D. Ala. Sept. 27, 2016) (citing See 20 C.F.R. §§ 404.1513(a), 416.913(a)).

"Rather, therapists are 'other sources' from which the Commissioner *may* use evidence." Id. (emphasis in original) (citing 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1))(therapist's opinion "was not entitled to any special significance or consideration" but could be used in evaluating severity of Plaintiff's impairments and the effect of her impairments on her functioning); see also Bryant v. Colvin, 2014 U.S. Dist. LEXIS 120804, *13, 2014 WL 4415971, *5 (N.D. Ala. Aug. 29, 2014) (the medical opinion of an "other source" "could be used to show the severity of an impairment but not the presence of an impairment.") (citing 20 C.F.R. § 404.1513(d)). "'[O]ther source' opinions are not entitled to controlling weight, a designation that the regulations reserve for 'acceptable medical sources.'" Bryant, 2014 U.S. Dist. LEXIS 120804, *14, 2014 WL 4415971, *5 (N.D. Ala. Aug. 29, 2014) (holding that ALJ did not err when she refused to give "other source's" medical opinion controlling weight).

In this case, the ALJ explained that she gave little weight to Ms. Wharton's opinion because her evaluation letter was undated and because it was inconsistent with Plaintiff's treatment records, particularly recent records which showed treatment only for sleep concerns. (Tr. 27). Plaintiff points out that Ms. Wharton's letter references Plaintiff's age as 32, which places the time of the letter between October 7, 2014, and

October 7, 2015, encompassing Plaintiff's alleged onset date. (Tr. 382-83). Be that as it may, it does not change the fact that Ms. Wharton's opinion is inconsistent with Plaintiff's treatment records and evidence of his activities of daily living, as detailed above. Moreover, the ALJ agreed that Plaintiff's PTSD is a severe impairment; however, based on the substantial evidence, concluded that Plaintiff's PTSD symptoms cause only moderate difficulties in social functioning and concentration, persistence, or pace, which the ALJ accommodated by limiting the RFC to work involving only simple, repetitive instructions, having "no more than superficial interaction with the general public," and only "occasional interaction with supervisors and coworkers for non-collaborative work." (Tr. 22-23, 24). Because Ms. Wharton is an "other source," and the level of severity of limitations which she opined is inconsistent with the substantial evidence detailed above, the ALJ had good cause to assign her opinion little weight.

Next, Plaintiff argues that the ALJ erred in assigning great weight to the opinions of consultative psychologist, Dr. Thomas Bennett, Ph.D., and State Agency reviewing psychologist, Dr. Donald Hinton, Ph.D. (Doc. 9 at 9). Defendant counters that these opinions are consistent with the substantial evidence in the case.

The record shows that consultative psychologist, Dr. Thomas

Bennett, Ph.D., evaluated Plaintiff on June 23, 2015, and that his diagnostic impression was PTSD by history, persistent depressive disorder with anxious distress, probable alcohol use disorder, and previous diagnosis of mild neurocognitive disorder due to traumatic brain injury with no obvious signs at this time. (Tr. 363). Plaintiff reported to Dr. Bennett that he was on no medication for mental health issues (Tr. 360). Dr. Bennett found that Plaintiff's responses to cognitive tasks were "much improved" when compared to earlier reports (Tr. 363), specifically, that Plaintiff had normal speech, normal range of affect with a mildly dysphoric mood, normal orientation, normal thought processes and content, no difficulty with serial sevens, calculations, counting, or spelling backwards (Tr. 361), good memory, average fund of information, judgment, and intelligence, and fair insight. (Tr. 361-62). Plaintiff reported a wide variety of activities including playing golf, some childcare, cooking, chores, yard work, and shopping. (Tr. 362-63). Dr. Bennett opined that, while Plaintiff's activities and interests were constricted, his ability to relate to others was average, as was his ability to function independently and understand and carry out instructions. (Id.). Dr. Bennett observed that Plaintiff's ability to respond appropriately to supervisors and co-workers had apparently been adequate and that Plaintiff would probably respond to work pressures by quitting. (Id.).

With respect to State Agency psychologist, Dr. Donald Hinton, Ph.D., the record shows that he reviewed Plaintiff's medical records and opined that Plaintiff can understand and remember at least simple instructions, carry out simple tasks, and maintain attention and concentration for at least two hour time periods during an eight hour day. (Tr. 78). Dr. Hinton further opined that Plaintiff would encounter social restrictions, mainly when interacting with the general public, but that the rest of his social capacity would not be significantly restricted. (Id.). Dr. Hinton concluded that the Plaintiff could adapt to occasional changes of routine for simple situations not calling for a rapid or extensive changes in work tasks or procedures. (Tr. 79).

Contrary to Plaintiff's argument, the Court finds that the opinions of Dr. Bennett and Dr. Hinton are consistent with the substantial evidence detailed above and that the opinions of Dr. Jackson, Dr. Law, and Ms. Wharton are inconsistent with the substantial evidence in this case. Therefore, the ALJ did not err with respect to the weight assigned to the expert evidence in this case, and Plaintiff's claim must fail.

### B. Substantial evidence supports the RFC for a range of work at all exertional levels with stated non-exertional limitations.

Last, Plaintiff argues that the RFC is inconsistent with his diagnoses of PTSD, the opinions Dr. Jackson, Dr. Law, and

Ms. Wharton, and the VA's 70% disability rating for PTSD. (Doc. 9 at 6). Residual functional capacity is a measure of what Plaintiff can do despite his or her credible limitations. See 20 C.F.R. § 404.1545. Determinations of a claimant's residual functional capacity are reserved for the ALJ, and the assessment is to be based upon all the relevant evidence of a claimant's remaining ability to work despite his or her impairments, and must be supported by substantial evidence. See Beech v. Apfel, 100 F. Supp. 2d 1323, 1331 (S.D. Ala. 2000) (citing 20 C.F.R. § 404.1546 and Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)); Saunders v. Astrue, 2012 U.S. Dist. LEXIS 39571, *10, 2012 WL 997222, *4 (M.D. Ala. March 23, 2012). Once the ALJ has determined the plaintiff's residual functional capacity, the claimant bears the burden of demonstrating that the ALJ's decision is not supported by substantial evidence. See Flynn v. Heckler, 768 F.2d 1273, 1274 (11th Cir. 1985). Plaintiff has failed to meet his burden in this case.

The ALJ found that Plaintiff has the RFC to perform "a full range of work at all exertional levels with the following non-exertional limitations: He can understand, remember and carry out *simple*, repetitive instructions and can persist at that level for eight hours per day, five days per week consistently. He can have no more than *superficial interaction with the general public* and can have *occasional interaction* with

supervisors and coworkers for non-collaborative work – meaning the work is not dependent upon working in concert with others to achieve a desired result. He can adapt to occasional changes in the work setting." (Tr. 24) (emphasis added). Based upon the testimony of the vocational expert, the ALJ concluded that Plaintiff cannot perform his past work as a physical therapy assistant or military policeman but that he can perform other work, such as that of a groundskeeper (medium, unskilled), janitor (medium, unskilled), and bench assembler (light, unskilled). (Tr. 30-31, 62).

The evidence and Plaintiff's arguments related to Dr. Jackson, Dr. Law, and Ms. Wharton have been discussed at length and will not be repeated here. However, with respect to Plaintiff's argument that the ALJ erred in failing to properly consider his 70% VA disability rating for PTSD (Tr. 372), a review of the record reveals that the ALJ expressly discussed the VA rating and noted that it was being considered along with other evidence in the record. (Tr. 28-30). The record further reveals that the ALJ gave it "some weight," but not "controlling weight," because of the difference in standards utilized by the VA and because the evidence supported a finding that Plaintiff's limitations did not completely disable him from participating in substantial gainful activity, particularly considering the non-exertional limitations contained in the RFC. (Tr. 28-29). The

ALJ expressly noted that Plaintiff had no hospitalizations related to his mental health conditions, nor any significant treatment for acute symptoms since his onset date. (Tr. 30). Moreover, Plaintiff took no medication for his conditions, except Ambien for sleep, and he lived a fairly normal life, taking his child to school, going to the gym, and playing golf. (Id.). The record bears out these findings and supports the ALJ's conclusion that Plaintiff's activities and treatment record are not consistent with a finding of total disability. Indeed, Plaintiff has failed to show that any limitations caused by his mental impairments exceed the RFC and are not accommodated by the restrictions to "simple, repetitive instructions," "superficial interaction with the general public," "occasional interaction with supervisors and coworkers for non-collaborative work," and only "occasional changes in the work setting." (Tr. 24).

Based on the foregoing, the Court finds that Plaintiff's claim is without merit.

**VII.** **Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability and disability insurance benefits be

**AFFIRMED.**

    **DONE** this **11th** day of **September, 2017.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
